## IN THE DISTRICT COURT OF KINGFISHER COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| GARY MUEGGENBORG, and<br>GERALDINE MUEGGENBORG,<br>husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CJ-2016-_57_

### SUMMONS

**To the above named Defendants:**

Union Pacific Railroad Company
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

You have been sued by the above named Plaintiffs, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 22nd day of September, 2016.

**LISA MARKUS — COURT CLERK**

By: _Susan Endres_
Deputy Court Clerk

(seal)

Attorneys for Plaintiffs:
KENNETH R. JOHNSTON, OBA #4737
WES JOHNSTON, OBA #13704
JOHNSTON & ASSOCIATES
118 North Fourth Street, P.O. Box "F"
Chickasha, Oklahoma 73023
Telephone: (405) 224-4000

This Summons was served on _____, 2016.

_____
(Signature of person serving Summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

EXHIBIT "2"

## IN THE DISTRICT COURT OF KINGFISHER COUNTY
## STATE OF OKLAHOMA

GARY MUEGGENBORG, and              )
GERALDINE MUEGGENBORG,             )
husband and wife,                  )
                                   )
       Plaintiffs,              )
                                   )
v.                                 )
                                   )
UNION PACIFIC RAILROAD COMPANY,    )
a Delaware corporation,            )
                                   )
       Defendant.               )

Kingfisher County Oklahoma
**F I L E D**

**SEP 2 2 2016**

LISA MARKUS, COURT CLERK
BY _____
DEPUTY

Case No. CJ-2016-57

### PETITION

The Plaintiffs, Gary Mueggenborg and Geraldine Mueggenborg, for their cause of action against the Defendant, Union Pacific Railroad Company, state and allege as follows:

### BACKGROUND

1.    Plaintiffs, Gary Mueggenborg and Geraldine Mueggenborg, husband and wife, are residents of Kingfisher County, Oklahoma.

2.    Defendant, Union Pacific Railroad Company, is a Delaware corporation, organized and existing under the laws of the State of Delaware.

3.    Plaintiffs own certain farm and ranch land located a few miles north of Kingfisher, Oklahoma. The land is located in Sections 13 and 24, Township 17 North, Range 7 West, Kingfisher County, Oklahoma (the "Property").

4.    Plaintiffs use the Property for personal, agricultural and recreational uses.

5.     The Defendant is engaged in the business of transporting goods and freight by railway throughout numerous states in the western two-thirds of the United States, including through Kingfisher County, Oklahoma.

6.     As such, the Defendant operates railroad trains on a railway track running along Highway 81, located near the Property.

7.     During the course of its operations, in approximately April of 1995, one of the Defendant's trains suffered a derailment. The derailment occurred approximately one-half mile from the Property.

8.     As a result of the derailment, the Defendant discharged and released several thousand gallons of a liquid substance it was transporting – carbon tetrachloride.

9.     Carbon tetrachloride is a manufactured chemical that does not occur naturally. It was formerly used in the production of refrigeration fluid and propellants for aerosol cans, as a pesticide, as a cleaning fluid and degreasing agent, and for other uses. Exposure to carbon tetrachloride can be harmful to humans and animals, and the USEPA has determined that carbon tetrachloride is a probable human carcinogen. Because of this, most uses for carbon tetrachloride have been banned in the United States.

10.    Following the derailment, the Defendant failed to properly and adequately clean up the carbon tetrachloride discharged at the site of the derailment. The carbon tetrachloride entered the groundwater and since that time the Defendant has failed to properly and adequately remediate the pollution resulting from the discharge and release carbon tetrachloride.

11.     The carbon tetrachloride that was discharged and released by the Defendant has migrated to the Plaintiffs' Property where it has polluted the soils, subsurface, and groundwater of the Property.

12.     Carbon tetrachloride released during the derailment incident continues to migrate onto the Plaintiffs' Property from other neighboring properties.

13.     The Plaintiffs demanded that the Defendant abate the pollution on the Property by removing all of the carbon tetrachloride from the groundwater at the Property and, additionally, taking immediate action to protect the Property from further migration of carbon tetrachloride. But the Defendant has failed and neglected to abate the nuisance.

## PRIVATE AND PUBLIC NUISANCE

14.     The Defendant has created and/or maintained a private nuisance in the following particulars:

a.     In failing to properly conduct its operations in such a manner as to prevent the discharge and release of carbon tetrachloride to the environment;

b.     In failing to properly and adequately remediate the discharge carbon tetrachloride in such a manner as to prevent the contamination and pollution of other properties, including the Plaintiffs' Property;

c.     In allowing harmful substances from its operations to contaminate and pollute the soils, subsurface, and groundwater of the Property;

d.     In allowing carbon tetrachloride to migrate to the Plaintiffs' Property and to continue to migrate to the Plaintiffs' Property resulting in the contamination and pollution of Plaintiffs' Property, including the soils, subsurface, and groundwater thereof;

e.     In allowing the contamination and pollution of Plaintiffs' Property, including the vegetation, soils, surface, subsurface, and groundwater thereof, to continue unabated and the failure of the Defendant to

adequately remedy the situation; and

    f.      Other acts or omissions of Defendant as may be established by evidence presented at trial.

15.    The nuisance created and maintained by the Defendant on Plaintiffs' Property has unreasonably interfered, and continues to unreasonably interfere, with the Plaintiffs' use and enjoyment of the Property for personal, domestic, agricultural, farming and ranching purposes in the following particulars:

    a.      The Plaintiffs have been deprived of the use and enjoyment of portions of the Property for personal, domestic, agricultural, or recreational purposes;

    b.      As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the groundwater on the Property, for personal, domestic, agricultural and other beneficial purposes has been impaired;

    c.      The Plaintiffs' Property has sustained temporary and permanent injuries;

    d.      The value of Plaintiffs' Property has been diminished;

    e.      The Plaintiffs have sustained losses in their agricultural operations;

    f.      As a result of the Defendant's acts and omissions, Plaintiffs have suffered personal annoyance, inconvenience and discomfort; and

    g.      Other injuries as may be established by evidence presented at trial.

16.    The acts and omissions of the Defendant were committed in violation of applicable laws, statutes and regulations.

17.    Because of Defendant's acts and omission resulted in the pollution of the soils and waters of the State of Oklahoma, such acts also constitute a public nuisance.

18.    Oklahoma law provides that no lapse of time can legalize a public nuisance.

- 4 -

19.     The Plaintiffs are entitled to abatement of the private and public nuisance, set forth above, and are entitled to damages for the reasonable cost of repairing and abating the injuries to the soils, subsurface and groundwater of the Property, which costs the Plaintiffs allege to be in a sum in excess of $75,000.00.

21.     As a result of Defendant's creation and maintenance of a private and public nuisance, Plaintiffs have sustained damages in a sum in excess of $75,000.00.

TRESPASS

22.     As alleged above, Defendant discharged and released carbon tetrachloride which migrated to Plaintiffs' Property where it contaminated and polluted the soils, subsurface, and groundwater of the Plaintiffs' Property.

23.     Defendant had no permission, right or license to discharge and release carbon tetrachloride to the Plaintiffs' Property, and the discharges and releases of such pollutants constituted a trespass upon the Property.

24.     The Defendant's failure to adequately remove the deleterious substances discharged from its operations, despite Defendant's duty to do so, constitutes a continuing trespass on the Plaintiffs' Property and the carbon tetrachloride continues to pollute and contaminate the soils, subsurface, and groundwater of the Property.

25.     As a result of Defendant's trespass, the Plaintiffs have been harmed in the following particulars:

        a.     The Plaintiffs have been deprived of the use and enjoyment of portions of the Property for personal, domestic, agricultural, or recreational purposes;

    b.    As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the groundwater on the Property, for personal, domestic, agricultural and other beneficial purposes has been impaired;

    c.    The Plaintiffs' Property has sustained temporary and permanent injuries;

    d.    The value of Plaintiffs' Property has been diminished;

    e.    The Plaintiffs have sustained losses in their agricultural operations;

    f.    As a result of Defendant's wrongful acts and omissions, Plaintiffs have suffered personal annoyance, inconvenience, aggravation and distress; and

    g.    Other injuries as may be established by evidence presented at trial.

26.    As a result of the Defendant's trespass, Plaintiffs have sustained damages in a sum in excess of $75,000.

NEGLIGENCE

27.    As alleged above, Defendant discharged and released carbon tetrachloride which migrated to Plaintiffs' Property where it contaminated and polluted the soils, subsurface, and groundwater of the Plaintiffs' Property.

28.    The Defendant had a duty to conduct its operations in a reasonably prudent and lawful manner, and to refrain from causing injury to the Plaintiffs and their Property.

29.    The Defendant breached its duty by carelessly committing negligent acts and/or omissions and by conducting its operations in an unreasonable manner creating an unreasonable risk of injury to others.

30.    The negligent acts and omissions of the Defendant were committed in violation of applicable laws, statutes and regulations, and constitute negligence *per se*.

31.     As a proximate result of the Defendant's negligent acts and omissions, the

Plaintiffs have been harmed in the following particulars:

      a.    The Plaintiffs have been deprived of the use and enjoyment of portions of the surface of the Property for personal, domestic, agricultural, or recreational purposes;

      b.    As a result of Defendant's contamination and pollution of Plaintiffs' Property, the Plaintiffs' ability to safely use the Property, including the groundwater on the Property, for domestic, personal, agricultural and other beneficial purposes has been impaired;

      c.    The Plaintiffs' Property has sustained temporary and permanent injuries;

      d.    The value of Plaintiffs' Property has been diminished;

      e.    The Plaintiffs have sustained losses in their agricultural operations;

      f.    As a result of Defendant's wrongful acts and omissions, Plaintiffs have suffered personal distress; and

      g.    Other injuries as may be established by evidence presented at trial.

32.     As a result of the Defendant's negligent acts and omissions, Plaintiffs have

sustained damages in a sum in excess of $75,000.

## UNJUST ENRICHMENT

33.     Defendant is under an obligation to follow rules and laws concerning its

operations, and also is under an obligation to prevent pollution.  Based on information

and belief, the Plaintiffs allege that the Defendant refused and failed to spend the money

necessary to fulfill its obligations to prevent pollution, thereby breaching its duty to the

Plaintiffs.

34.    To the extent that Defendant saved money by failing to meet its lawful obligations to prevent pollution to the detriment of the Plaintiffs, the Defendant has been unjustly enriched. The Plaintiff seeks recovery for the amount by which Defendant has been unjustly enriched, in an amount to be determined at trial.

PUNITIVE DAMAGES

35.    The wrongful and unlawful acts of the Defendant, as alleged, were intentional and malicious, or were in reckless disregard of the rights of the Plaintiffs. The Plaintiffs are, therefore, entitled to recover exemplary damages in an amount sufficient to punish and deter such conduct.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Gary Mueggenborg and Geraldine Mueggenborg, pray for judgment against the Defendant, Union Pacific Railroad Company, for public and private nuisance, for trespass, for negligence, for the cost of the abatement of the nuisance, for permanent and/or temporary damages to Plaintiffs' Property, for annoyance, inconvenience, discomfort, aggravation and distress, for unjust enrichment, and for punitive damages, all in an amount in excess of $75,000; for attorney fees and costs; and for any other relief, legal or equitable, to which the Plaintiffs may be entitled.

Respectfully submitted,

Kenneth R. Johnston, OBA #4737
Wes Johnston, OBA #13704
JOHNSTON & ASSOCIATES
118 North Fourth St., P.O. Box "F"
Chickasha, Oklahoma 73023
(405) 224-4000 Telephone
(405) 224-0003 Fax
**Attorneys for Plaintiffs**

ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED